No. 81-442

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

JOHN BOYER and LAURA LU BOYER,

Plaintiffs and Respondents,

vs.

ANTHONY L. KARGACIN,

Defendant and Appellant.

---

Appeal from:  District Court of the Third Judicial District,
In and for the County of Deer Lodge
Honorable Arnold Olsen, Judge presiding

Counsel of Record:

For Appellant:

W. D. Murray, Jr., Butte, Montana
Sharon Morrison, Helena, Montana

For Respondents:

Knight, Dahood, McLean & Everett, Anaconda, Montana
Wade Dahood, Anaconda, Montana

---

Submitted on briefs: November 12, 1982

Decided: December 29, 1982

Filed: DEC 29 1982

*Thomas J. Kearney*
                                        Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendant appeals from an order granting plaintiffs' motion for summary judgment on the issue of liability and from the judgment assessing damages against the defendant, entered in the District Court of the Third Judicial District, Deer Lodge County.

The facts of this case were set forth in the earlier case of Boyer v. Karagacin (1978), 178 Mont. 26, 582 P.2d 1173, and need not be restated here. However, the procedural history is important enough to the outcome of this appeal to be set out in this decision. On September 11, 1974, plaintiffs filed a complaint seeking a permanent injunction to prevent defendant from parking his car in such a manner as to block proper ingress to plaintiffs' business, damages for loss of business, and exemplary damages for the alleged malicious character of defendant's actions. Plaintiffs also asked for a temporary restraining order, which was issued on September 11, 1974. Defendant filed a motion to quash the temporary restraining order on September 16, 1974. After the judge with original jurisdiction disqualified himself from hearing the case, and four other judges were disqualified, the motion to quash was finally heard on May 3, 1976. The District Court thereafter denied the motion to quash and extended the temporary restraining order "until further order of [the District] Court." Defendant appealed the District Court's order, and this Court upheld the continuance of the temporary restraining order and remanded the case to the District Court "with directions to expedite the trial of the cause for damages." 582 P.2d at 1178.

Upon remand, plaintiffs and defendant each moved for summary judgment. Defendant's basis for his motion was that plaintiffs failed to show any injury or damage arising from defendant's alleged behavior. Plaintiffs based their motion on this Court's opinion in the earlier Boyer case cited above, stating that this Court "found there was no

2

question of material fact and ordered an expedited trial on the issue of damages."

The District Court granted plaintiffs' motion for summary judgment on the issue of liability, and denied defendant's motion. Thereafter, several hearings were held to determine the issue of damages. The District Court then entered its findings of fact, conclusions of law, and judgment. The court found that defendant committed a nuisance which interfered with plaintiffs' business, and awarded $2,000 in general damages, $4,155 in special damages for loss of business profit, and $6,000 in punitive damages.

On appeal, defendant presents seven issues. We find, however, that we need only decide the issue of whether the District Court denied defendant due process of law when it entered summary judgment against him.

Defendant contends his constitutional right to due process was violated because he did not receive a trial or a hearing on the merits. We agree. As stated in Nygard v. Hillstead & Coyle (1979), 180 Mont. 524, 591 P.2d 643, "It is fundamental that '[no] person shall be deprived of life, liberty, or property without due process of law.'" 1972 Mont. Const., Art. II, § 17. "'It is well settled that notice and opportunity to be heard are essential elements of due process.'" Halldorson v. Halldorson (1977), 175 Mont. 170, 573 P.2d 169, 171."

It is clear in this case that on the issue of liability, defendant was denied his opportunity to be heard. This denial is demonstrated by reviewing the procedural history of the case: the complaint was filed; a temporary restraining order was extended until further order of the District Court. Defendant appealed the denial of the motion to quash to this Court, and we upheld the order continuing the temporary restraining order and remanded the case to the District Court with directions to expedite the trial of the cause for damages. On remand, plaintiffs moved

for summary judgment based on the Supreme Court opinion; the District Court granted the motion and ordered a hearing on damages.

A review of the procedural history shows that there has never been a hearing or trial on the merits on the issue of liability. Although a hearing was held on the motion to quash, this hearing "does not determine the merits of a case or decide controverted facts. It preserves the status quo pending an adjudication on the merits." Boyer, at 1178.

After this Court remanded the case to the District Court, summary judgment was granted to plaintiffs. The District Court in its order granting summary judgment, did not give any reasons for granting plaintiffs' motion. However, at the hearing to determine damages, the District Court stated, "In this matter there has been a judgment affirmed by the Supreme Court in which we were directed to have hearings or a hearing on the subject of whether or not there were general damages and, if there were, whether or not there were any other damages."

It is clear by this statement that the District Court misconstrued the language of the earlier opinion. This Court, in the first Boyer case, did not decide the issue of liability, but merely decided that the continuance of the temporary restraining order was proper, and directed the District Court to expedite the trial of the cause for damages. In this instance, the term "cause" is synonomous with "cause of action." See Bergin v. Temple (1941), 111 Mont. 539, 545, 111 P.2d 286. The issue of damages is one issue within the cause of action in this case. Therefore, this case was remanded to the District Court for trial on the merits of the cause of action for damages—both liability and, if liability was proven, the extent of damages.

By its order granting summary judgment to plaintiffs, the District Court foreclosed the opportunity for a hearing on the merits. This act deprived defendant of due process of law.

The District Court's order granting summary judgment to plaintiffs is reversed. This case is remanded to the District Court for a trial on

4

the merits of the entire cause of action, and such further proceedings as may be necessary. Costs to defendant.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5