No. 82-297

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

JOHN C. HUGHES, in his capacity as
Adminstrative Manager of Western
Conference of Teamsters Pension Trust Fund,

Plaintiff and Appellant,

vs.

G. K. SALO, Individually, and d/b/a
G. K. SALO TEXACO,

Defendant and Respondent.

Appeal from: District Court of the Second Judicial District,
In and for the County of Silver Bow
Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

For Appellant:

Berg, Coil, Stokes, & Tollefsen, Bozeman, Montana
Michael C. Coil argued and Don Hayes argued, Bozeman,
Montana

For Respondent:

Corette, Smith, Pohlman & Allen, Butte, Montana
Gregory C. Black argued, Butte, Montana

Submitted: January 14, 1983

Decided: February 24, 1983

Filed: FEB 24 1983

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff appeals from an adverse judgment in the Second Judicial District Court, Silver Bow County, in this action to collect allegedly delinquent pension fund contributions from defendant. The District Court held that this action was barred by the doctrine of merger, the rule against splitting causes of action, and by this Court's holding in an earlier case, as well as by a previous stipulated dismissal with prejudice of plaintiff's attempt to enforce a Colorado judgment involving the same alleged delinquency. We reverse the District Court and remand this cause, for consideration on the merits, with such further proceedings as the District Court shall find to be necessary.

In 1973, defendant Salo, owner of G. K. Salo Texaco, in Butte, Montana, entered into a labor agreement with the Teamsters Union, agreeing to make certain pension fund contributions for the period from May 1, 1973 to April 30, 1976. He signed a second similar agreement in June of 1976 for the period from May 1, 1976 to April 30, 1979. Monthly payments of pension fund contributions were to be mailed to Colorado. Defendant was domiciled in Montana, and had no other connection with Colorado.

In October of 1978, the Teamsters Pension Fund filed a complaint in District Court in Denver, Colorado, alleging that Salo was delinquent in making the agreed upon contributions for the period between January 1, 1974 and July 31, 1977. Summons was served on Salo in Butte, Montana on October 13, 1978. Salo neither answered nor appeared in court. He did not challenge the jurisdiction of the Colorado court, which, on May 18, 1979, entered a default judgment against him, nunc pro tunc, January 12, 1979.

2

On May 25, 1979, the Teamsters Union Pension Fund filed an amended complaint in the District Court of Silver Bow County, seeking enforcement of the Colorado judgment. (Cause 64227). Defendant answered, admitting that the default judgment had been obtained, but denying the authority of the Colorado court to render its judgment, for reasons unconnected with the issues discussed herein.

On March 31, 1980, defendant moved the District Court for summary judgment, pointing out that this Court's just-released decision in May v. Figgins (1980) ____Mont. ____, 607 P.2d 1132, 37 St.Rep. 493, governed the enforcement action against Salo. The motion was accompanied by an affidavit from Salo to the effect that, except for sending the monthly checks to Colorado, he had no contact with the state, and had "never waived his rights as to Colorado jurisdiction." On April 23, 1980, the parties stipulated that the District Court might dismiss the enforcement action with prejudice and award defendant's attorney fees of $800. This was done. No explanation is included in the stipulation or the order of dismissal; and counsel now disagree in their recollection whether the dismissal was specifically intended to prevent or permit a subsequent action on the underlying alleged obligation.

On July 18, 1980, plaintiff filed the present action in the District Court, seeking payment of allegedly delinquent pension fund contributions for the period covered by the Colorado judgment (Jan. 1, 1974 through July 31, 1977) as well as for the period from August 1, 1977 through April 1978. Defendant in his answer, asserted that this action was precluded by the stipulated dismissal of the enforcement action. Defendant's subsequent motion for summary judgment, based upon his assertion that this action is barred by the

3

doctrine of merger and the rule against splitting causes of action, was denied on the grounds that "the plaintiff's cause was not heretofor heard nor decided upon the merits."

The case was heard by the District Court, sitting without a jury, on December 2, 1981. Judgment was entered for defendant May 11, 1982. The District Court concluded that this action was barred by: 1) the laws set forth in the *May v. Figgins* decision in this Court, under which the Colorado judgment pertinent to this action was "void and ineffective"; 2) the doctrine of merger; 3) the rule against splitting causes of action; and 4) the stipulated dismissal with prejudice of the original action to enforce the Colorado judgment. Attorney's fees in the amount of $4,500 were awarded defendant. Plaintiff appeals.

Plaintiff raises a number of issues, but we find the following to be dispositive:

1. Whether, under *May v. Figgins*, the Colorado judgment was void, or merely unenforceable.

2. Whether the stipulated dismissal with prejudice of the action to enforce the Colorado judgment amounted to a judgment on the merits of the underlying obligation.

3. Whether the doctrine of merger and the rule against splitting causes of action bar this action.

I.

In *May v. Figgins*, the Western Conference of Teamsters Pension Fund, through its Deputy Administrator, Robert May, sued in Montana to enforce a Colorado default judgment against a Montana road contractor, Willie Figgins. Figgins' only contact with Colorado was the deposit by mail of 35 checks containing pension fund contributions, in the Teamsters' Denver bank. The Montana court denied Figgins' motion for summary judgment, which was based on Figgins'

4

assertion that Colorado lacked personal jurisdiction over him. The District Court held for the plaintiff, and Figgins appealed. This Court reversed, holding that, under Colorado law and the due process clause of the fourteenth amendment of the United States Constitution, Figgins did not have the "minimum contacts" with Colorado required under International Shoe Co. v. State of Washington (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, to give the forum state personal jurisdiction over a nonresident. This Court also noted:

> "'. . . where defendant's contacts with the state are not sufficient to satisfy traditional notions of fair play and substantial justice, in personam jurisdiction may not be secured over him through long-arm service.' 2 Moore's Federal Practice §4.41-1[1] at 4-414, citing Hanson v. Denckla (1958) 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283." May v. Figgins, ___ Mont. at ___, 607 P.2d at 1136, 37 St.Rep. at 497.

Finally, May v. Figgins held that the contractual provisions purporting to waive in personam jurisdiction were unreasonable and unenforceable, and concluded that Figgins' had not clearly and knowingly waived his due process rights, and so was not subject to the jurisdiction of the Colorado courts. ___ Mont. at ___, 607 P.2d at 1138-39, 37 St.Rep. at 501.

In the present case, Salo's contacts with Colorado were no greater than Figgins': Salo did not reside or do business or advertise or solicit business in Colorado; his only contact with that forum was mailing checks to a Colorado bank. Moreover, Salo, like Figgins, did not appear in the Colorado action to contest either jurisdiction or the alleged obligation; judgment was entered against him by default. The contracts, and the agreements incorporated by reference in the contracts, are the same as those this Court found insufficient to waive due process rights in May v. Figgins. There can be no doubt that, under the rule established in

5

*May v. Figgins*, the Colorado court lacked personal jurisdiction over defendant Salo.

Plaintiff in this action has never disputed the application of *May v. Figgins* to the Colorado judgment against Salo. Defendant's motion for summary judgment of the enforcement action was based upon *May v. Figgins*, and was accompanied by an affidavit from Salo establishing that the payments made by check were Salo's sole contact with Colorado. During the present action, defendant and plaintiff both stated that the dismissal with prejudice of the enforcement action was brought about because of the parties' recognition that the Colorado judgment was invalid and unenforceable. Plaintiff also brought the record of the enforcement action to the attention of the District Court. Defendant proposed that the District Court find the Colorado judgment to be "void and ineffective" under *May v. Figgins*, which it did.

Defendant now argues that, because neither the pleadings as defined in Rule 7(a), M.R.Civ.P., nor the stipulated dismissal, explicitly indicated that the Colorado judgment was unenforceable for lack of personal jurisdiction, it was still a "valid judgment" at the time the present action was filed, for purposes of barring this action under the doctrine or merger and the rule against splitting causes of action. (See below) We disagree.

Plaintiff disregards the hoary but still viable decision of the United States Supreme Court in Pennoyer v. Neff (1878) 95 U.S. 714, 24 L.Ed. 565. Although the rigid conclusion in *Pennoyer v. Neff*, that a tribunal's authority is restricted to its territorial limits, has yielded to the more flexible due process requirements set forth in *International Shoe*, supra, the effect of rendering a personal judgment without *in*

personam jurisdiction remains the same. In the recent case of World-Wide Volkswagen Corp. v. Woodson (1980) 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 497, the Supreme Court stated:

> "The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant. Kulko v. California Superior Court, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. Pennoyer v. Neff, 95 U.S. 714, 732-33, 24 L.Ed. 565 (1878). (Emphasis added).

See also Scoles and Hay, Conflict of Laws 937 (1982); Goodrich, H., Handbook of the Conflict of Laws 112 (1964); Restatement (Second) of Conflict of Laws §24(e)(1971). Russell Weintraub, in his Commentary on the Conflict of Laws (2d ed. 1980), states at pp. 95-96:

> "If a court acts beyond the scope of its constitutionally circumscribed jurisdiction, its adjudication is a violation of due process. The judgment is invalid in the state in which rendered and no court sitting in a sister state is either required or permitted to give the invalid judgment full faith and credit. If a court purports, for example, to make a judgment personally binding on a defendant over whom it does not have constitutional judicial jurisdiction, the defendant may ignore the proceedings, even if he has notice of them, and then step in to make a collateral attack on the judgment as a violation of due process if an attempt is made to enforce the judgement against him. This attack may be made either in the state in which the judgment has been rendered or in a sister state."

In the present case, defendant was served with a summons in Butte, Montana; upon his failure to appear, the Colorado court entered a default judgment against him. When plaintiff attempted to enforce the judgment in Montana, defendant attacked the Colorado judgment by motion for summary judgment. That the stipulated dismissal with prejudice of the enforcement action was the result of both parties' awareness of the unenforceability of the Colorado judgment is

crystal-clear; indeed both parties admit it. Yet defendant now argues, in effect, that because plaintiff failed, in its own enforcement action, to obtain a judicial decree that Colorado lacked jurisdiction over defendant and the Colorado judgment was therefore invalid, that judgment remained "valid". This conclusion is simply not consistent with the law, or, indeed, with any reasonable procedural requirement.

Montana has long recognized that the judgment of a court acting without jurisdiction is invalid from its inception. In Barnes v. Montana Lumber and Hardware, Co. (1923) 67 Mont. 481, 487, 216 P. 335, 337, we stated:

> "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise its judgment, until reversed, is regarded as binding in every other court. But, if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal, in opposition to them." (Emphasis added).

See also World-Wide Volkswagen Corp., supra.

We hold that the Colorado judgment was void from its inception, as violative of defendant's due process rights; it was rendered by a court without personal jurisdiction over defendant. Despite the fact that its invalidity was not explicitly recognized until the judgment herein appealed, the Colorado judgment was a nullity and could not serve as a bar to the present action.

## II.

Defendant argues that the stipulated dismissal with prejudice of the enforcement action amounted to a judgment on the merits of the underlying alleged obligation. We do not agree. In State ex rel. City of Havre v. District Court (1980) _____ Mont._____, 609 P.2d 275, 278, 37 St.Rep. 552, 555, we stated:

8

"'. . . [A] judgment or decree of dismissal with prejudice is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff.'

"Therefore, a stipulation of dismissal with prejudice of a defendant is tantamount to a judgment on the merits; and accordingly, such a dismissal with prejudice is res judicata as to every issue reasonably raised by the pleadings. . . . This Court will look at the dismissal with prejudice on its face, and will not look behind the words 'with prejudice.'" (Emphasis added.)

In the case at bar, neither the pleadings as defined in Rule 7(a), M.R.Civ.P., nor the stipulations and accompanying dismissal with prejudice, made reference to or "reasonably raised" any issue regarding the merits of the underlying obligation. Nor is it the function of a court, when considering an action to enforce a judgment rendered in a sister state, to reconsider the merits of the original action; that is a matter for direct appeal from the original forum. See Restatement (Second) Conflict of Laws §106 comment (a) (1971).

The record here discloses that Cause 64227 was purely an action to enforce; the stipulated dismissal with prejudice was not a judgment on the merits of the underlying obligation, and hence, does not bar the present action.

III.

The District Court concluded that the present action was barred by the doctrine of merger, i.e., that "[t]he alleged debt for said time period was reduced to judgment in Colorado, and the debt for that time period is merged in said Judgment." The court further concluded that, since the cause of action for the second time period (August 1, 1977 through April, 1978 - raised only in the present action) had accrued prior to the time the original action was filed in Colorado and reduced to judgment, plaintiff was barred, by the rule against splitting causes of action, from maintaining the

9

present action insofar as it relates to that time period. Plaintiff maintains that because the Colorado judgment is invalid, neither rule can be applied as a bar to this action.

Both the rule against splitting causes of action and the doctrine of merger are inextricably related to the principles of res judicata; and the application of either to bar a subsequent action depends upon the existence of a "valid and final" prior judgment. As was stated in Mervin v. F.T.C. (D. C. Cir. 1978), 591 F.2d 821, 830:

> "Principles of res judicata prevent relitigation not only on the grounds or theories actually advanced, but also on those which could have been advanced in the prior litigation. Restatement of Judgments §§ 62, 63 (1942); Restatement (Second) of Judgments §§ 61, 61.1 (Tent.Draft No. 1, 1973;) 1B Moore's Federal Practice ¶0.405[1] at 621-22 (2d ed. 1974)."

In Montana v. United States (1979) 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210, 216-17, the United States Supreme Court said:

> "A fundamental precept of common-law adjudication, embodied in [the doctrine of] . . . res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . .' Southern Pacific R. Co. v. United States, 168 U.S. 1, 48-49 (1897). Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Cromwell v. County of Sac, 94 U.S. 351, 352 (1877); Lawlor v. National Screen Service Corp., 349 U.S. 322, 326 (1955); 1B J. Moore, Federal Practice ¶0.405[1], pp. 621-624 (2d ed. 1974) (hereinafter 1B Moore); Restatement (Second) of Judgments § 47 (Tent. Draft No. 1, Mar. 28, 1973) (merger); id., § 48 (bar)." (emphasis added)

See also Gallagher v. Frye (9th Cir. 1980), 631 F.2d 127, 129, wherein the Court of Appeals recognized and discussed:

> " . . . the general Restatement principles prohibiting the splitting of causes of action and barring subsequent suits based on the same transaction or series of transactions previously litigated. Restatement of Judgments §§61-62 (1942); Restatement (Second) of Judgments §§ 61-61.1 (Tent.Draft No. 5, 1978)."

10

The Tentative Draft of the Restatement (Second) of Judgments, referred to in the above cases, was made official in 1980, and the pertinent section, Section 24 provides, as did the Tentative Draft:

"(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

" . . ." (Emphasis added.) Restatement (Second) of Judgments §24 (1980).

Clearly this provision covers both the doctrine of merger and the rule against splitting causes of action. Likewise §18 of the Second Restatement of Judgments (1980) requires a "valid and final" judgment before the general rule of merger can be applied to bar a subsequent action.

We have held that the Colorado judgment against Salo was void from its inception, under the due process clause, for lack of in personam jurisdiction over defendant Salo. We now hold that because no valid and final judgment existed, the cause of action was not res judicata, and the District Court improperly applied the doctrine of merger and the rule against splitting causes of action to bar the present action.

Reversed, and remanded to the District Court for consideration on the merits, and for such further proceedings as the District Court shall find to be necessary.

Justice

We concur:

Chief Justice

11

_Daniel J. Shea_

_Conway Harrison_

_L. C. Fullmoore._

_John C. Sheehy_

Justices

Mr. Justice Frank B. Morrison, Jr., deeming himself disqualified, did not participate in this decision.