Gino FOIANINI, Appellant (Plaintiff),

v.

Jay Howard BRINTON and John David Brinton, Appellees (Defendants).

No. 92–195.

Supreme Court of Wyoming.

July 14, 1993.

Jack Gage of Gage and Moxley, Cheyenne, for appellant.

J.C. DeMers, Cheyenne, for appellees.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant Gino Foianini appeals from a summary judgment entered against him in his action to condemn an irrigation ditch right-of-way located on land owned by Appellee Jay Howard Brinton.

We reverse and remand.

Mr. Foianini presents a single issue for our review:

[D]id plaintiff/appellant Gino Foianini impermissibly split a single cause of action by not bringing the suit to establish the ditch right-of-way by condemnation at the same time that he attempted to establish that right-of-way by prescription?

Mr. Foianini and Mr. Brinton owned adjoining land in Uinta County, Wyoming. Until the summer of 1989, Mr. Foianini irrigated his land by drawing water through a ditch which crossed Mr. Brinton's property. The record is not exactly clear as to the reason, but in the summer of 1989 Mr. Brinton filled in the ditch. On July 10, 1989, Mr. Foianini filed a lawsuit against Mr. Brinton, alleging that he had a prescriptive easement or, alternatively, an irrevocable license to use the ditch on Mr. Brinton's property. The district court denied the claim, finding that Mr. Foianini had no legal interest in the ditch.

Mr. Foianini subsequently brought a second action in which he sought to condemn a ditch right-of-way across Mr. Brinton's land. Mr. Brinton moved for a summary judgment, claiming that the rule against splitting a cause of action required Mr. Foianini to include the condemnation action with his first suit. The district court agreed and granted a summary judgment in favor of Mr. Brinton. The court offered the following rationale in its decision letter:

Although a number of different legal theories may apply to a given episode and although several legal theories may depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different kinds of relief, after judgment against the plaintiff he is precluded from seeking remedies derived from the same grouping of facts that were not brought out in his original action. See Restatement Judgments (Second) §§ 24 and 25 (1982).

The basis of the rule is that under modern rules of civil procedure a plaintiff may pursue in one action all possible remedies whether or not consistent, whether alternative or cumulative, legal or equitable. Rule 8(e)(2) W.R.C.P.

The plaintiff in his brief opposing the motion to dismiss discusses the inherent

inconsistencies of claiming a prescriptive right and then claiming no right at all in order to seek condemnation. However, as the Restatement clearly indicates, mutually exclusive remedies do not give rise to separate causes of action.

. . . .

The defendant has established that this case and the plaintiff's original suit involve the same cause of action; that plaintiff could have pursued condemnation as an alternative remedy in his original action but did not; and, that, therefore, the plaintiff has violated the rule against splitting a cause of action.

Our familiar standard of review for summary judgment appeals is: "We examine [the record to determine] whether a genuine issue of material fact exists and whether the prevailing party was entitled to judgment as a matter of law." *Slavens v. Board of County Commissioners for Uinta County, Wyoming*, 854 P.2d 683, 685 (Wyo.1993).

■ Mr. Foianini argues that the trial court acted improperly in granting the summary judgment because he did not impermissibly split a single cause of action by bringing the condemnation action after he had brought the prescriptive easement action. We agree. The general rule regarding splitting a cause of action is: "[A] single wrong gives rise to one cause of action for which only one suit may be maintained, however numerous the elements of damages resulting therefrom." *Lane Company v. Busch Development, Inc.*, 662 P.2d 419, 421 (Wyo.1983). The objective of the rule is to prevent repetitive and vexatious litigation and to avoid the duplication of costs and expenses. *Hurst v. Davis*, 386 P.2d 943, 949 (Wyo.1963).

■ The determination of whether a party impermissibly split a cause of action hinges in large part on how one defines a cause of action. In *Rialto Theatre, Inc. v. Commonwealth Theatres, Inc.*, 714 P.2d 328, 337 (Wyo.1986), this Court adopted the broad definition of a cause of action found in the RESTATEMENT (SECOND) OF JUDGMENTS § 24 at 196 (1982):

"§ 24. Dimensions of 'Claim' for Purposes of Merger or Bar—General Rule Concerning 'Splitting'

"(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

"(2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

Mr. Foianini suggests that the RESTATEMENT definition may not be appropriate in this case because we adopted § 24 in *Rialto Theatre, Inc.*, which ultimately turned on the doctrine of res judicata rather than on impermissible claim splitting. Mr. Foianini does not offer, nor can we perceive, a reason why § 24's transactional approach to defining the scope of a claim or cause of action would not apply to both the doctrine of res judicata and the closely related rule against claim splitting. Other courts have interpreted § 24 as encompassing the rule against splitting a cause of action. *Hughes v. Salo*, 203 Mont. 52, 659 P.2d 270 (1983). Our prior decisions also appear to have adopted this view. *See Lane Company*, 662 P.2d at 425 (referring to § 24 as being a rule "against splitting a cause of action").

The resolution of whether Mr. Foianini impermissibly split a single claim depends upon whether his prescriptive easement and condemnation actions stemmed from the same transaction as defined in § 24.[1] Section 24 states that a transaction is to be defined

pragmatically, giving weight to such considerations as whether the facts are re-

---

**1.** When discussing impermissible claim split-    ting, we do not mean to suggest that a party is

lated in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

RESTATEMENT (SECOND) OF JUDGMENTS, *supra*, § 24 at 196.

█ The two actions at issue here were certainly factually similar in that they involved the same irrigation ditch and essentially the same parties. The problem is that they did not form a "convenient trial unit." The two remedies involve significantly different proofs and would probably involve different witnesses. The principal difference between the two proceedings is that the prescriptive easement action involved Mr. Foianini's right to use Mr. Brinton's property due to his open and adverse use for the statutory period, whereas the condemnation action involved Mr. Foianini's right to appropriate the ditch right-of-way upon payment. Mr. Brinton points out that, according to § 24's comment b, a second action may be precluded even though different proofs are required.[2] However, even if different proofs had not been required in this case, these two actions would still not form a convenient trial unit.

To condemn the ditch right-of-way, Mr. Foianini had to comply with Wyo.Stat. § 1–26–510 (1988) of the Wyoming Eminent Domain Act, which provides:

(a) Except as provided in W.S. 1–26–511,[3] an action to condemn property may not be maintained over timely objection by the condemnee unless the condemnor made a good faith effort to acquire the property by purchase *before* commencing the action.

(Emphasis added.) Section 1–26–510's directive that the condemnor make a good faith effort to purchase the ditch right-of-way *prior* to bringing a condemnation action essentially foreclosed Mr. Foianini from including his prescriptive easement action with the condemnation action. If Mr. Foianini had brought the prescriptive easement and the condemnation action simultaneously, Mr. Brinton would have had the opportunity to sell him the right-of-way before the prescriptive easement action was heard. Such an opportunity would potentially preclude Mr. Foianini from proving his right to a prescriptive easement. The fact that Mr. Foianini had to attempt to purchase the ditch right prior to the condemnation action indicates that these two actions were not, in the words of § 24, a "convenient trial unit" and did not stem from the same transaction. Consequently, Mr. Foianini did not impermissibly split a single claim.

Reversed and remanded.

---

2. prohibited from suing for part of a cause of action. The rule against claim splitting merely prevents a party who chooses to sue for only part of a cause of action in the first lawsuit from seeking to recover for the omitted portion in a subsequent suit. 1A C.J.S. *Actions* § 179 (1985); FLEMING JAMES, JR. & GEOFFREY C. HAZARD, JR., CIVIL PROCEDURE § 11.7 (3d ed. 1985).

2. Comment b provides in part:
Though no single factor is determinative [for deciding what constitutes a transaction], the relevance of trial convenience makes it appropriate to ask how far the witnesses or proofs in the second action would tend to overlap the witnesses or proofs relevant to the first. If there is a substantial overlap, the second action should ordinarily be held precluded. But the opposite does not hold true; even when there is not a substantial overlap, the second action may be precluded if it stems from the same transaction or series.

3. Wyo.Stat. § 1–26–511 (1988) provides:
(a) A condemnor's failure or inability substantially to comply with W.S. 1–26–509 and 1–26–510 does not bar the maintenance of a condemnation action, notwithstanding timely objection, if:
(i) Compliance is waived by written agreement between the property owner and the condemnor;
(ii) One (1) or more of the owners of the property is unknown, cannot with reasonable diligence be contacted, is incapable of contracting and has no legal representative, or owns an interest which cannot be acquired by contract; or
(iii) Due to conditions not caused by or under the control of the condemnor, there is a compelling need to avoid the delay in commencing the action which compliance would require.