No. 01-161

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 310

DON THORNTON,

Plaintiff and Appellant,

v.

ALPINE HOME CENTER,

Defendant and Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James C. Bartlett, Attorney at Law, Kalispell, Montana

For Respondent:

Erika L. Johnson, Johnson, Berg, McEvoy & Bostock, PLLP, Kalispell, Montana

Submitted on Briefs: July 12, 2001
Decided: December 31, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Appellant, Don D. Thornton, entered into a contract to purchase a modular home from the Respondent, Alpine Home Center. When Thornton stopped payment on the $3,000.00 down payment check, Alpine filed a complaint in the Small Claims Division of the Justice Court for Flathead County. The Small Claims Court entered judgment in favor of Alpine. Thornton subsequently filed suit against Alpine in the District Court for the Eleventh Judicial District in Flathead County. Alpine filed a motion to dismiss on the grounds that Thornton's cause was barred by the doctrine of *res judicata*. The District Court converted Alpine's motion to a motion for summary judgment and granted that motion. Thornton appeals from the order of the District Court. We reverse the District Court.

¶2 The sole issue presented on appeal is whether the District Court erred when it concluded that the doctrine of *res judicata* bars this action.

## FACTUAL BACKGROUND

¶3 The Appellant, Don D. Thornton, entered into a contract for purchase of a modular home from the Respondent, Alpine Home Center, on December 5, 1997. Pursuant to the contract, Thornton was obligated to make a $3,000.00 down payment toward the $72,120.00 purchase price. It was agreed that Thornton would receive a $6,900.00 credit for the trade-in of an older mobile home.

¶4 Subsequently, Thornton complained of problems with his modular home and stopped payment on the $3,000.00 down payment check. Likewise, upon taking possession of the trade-in mobile home, Alpine discovered damage to the trade-in. Alpine also learned that Thornton, despite representations to the contrary, owed $210.09 in back taxes on the mobile home.

¶5 In a letter dated June 1, 1998, Alpine responded to Thornton's complaints by offering to fix some of the problems with the modular home if Thornton paid the down payment, paid back $3,450 for damage done to the trade-in mobile home, and paid the back taxes owed on the mobile home.

¶6 Thornton did not comply and on July 7, 1998, Alpine filed a complaint in the Small Claims Division of the Justice Court for Flathead County seeking contract damages of $3,000.00. Both parties appeared without counsel. Thornton submitted copies of two estimates for repairs to the modular home, which he argued should be offset against any damages suffered by Alpine. On February 3, 1999, the Small Claims Court offset $500.00 for repairs and entered judgment in favor of Alpine for $2,500.00.

¶7 On August 4, 2000, Thornton filed a complaint in the District Court for the Eleventh Judicial District in Flathead County. Thornton alleged several theories for relief: breach of contract, fraudulent misrepresentation, negligent misrepresentation, constructive fraud, nonconformance with federal mobile home safety standards, breach of the implied warranty of merchantability, breach of the implied warranty of habitability, violation of the Montana Uniform Trade Practices and Consumer Protection Acts, breach of the covenant of good faith and fair dealing, and emotional distress. Thornton sought $65,000.00 for consequential damages, $100,000.00 for punitive damages, and general damages in an amount determined by the District Court.

¶8 Alpine moved to dismiss Thornton's claim, and the District Court converted Alpine's motion into a motion for summary judgment. The District Court concluded that the Small Claims Court rendered judgment and because Thornton did not appeal that judgment, the doctrine of *res judicata* barred Thornton's complaint.

¶9 Thornton now appeals from the order of the District Court which granted summary judgment to Alpine.

## STANDARD OF REVIEW

¶10 We review appeals from summary judgment *de novo*, applying the same summary judgment standards, based on Rule 56, M.R.Civ.P., as the District Court. *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. Whether the District Court correctly applied the doctrine of *res judicata* is a question of law. The standard of review for questions of law is whether the District Court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 899 P.2d 680, 686.

## DISCUSSION

¶11 Did the District Court err when it concluded that the doctrine of *res judicata* bars this action?

¶12 Thornton argues that the District Court erred when it applied the doctrine of *res judicata* and dismissed his complaint. Thornton contends that this Court's prior holding in *Whirry v. Swanson* (1992), 254 Mont. 248, 836 P.2d 1227, where we held that a prior adjudication in justice court barred a subsequent action in district court, should be distinguished from this matter. Finally, Thornton argues that his District Court complaint was substantively different than the Small Claims Court action. He notes that he was the defendant in Small Claims Court and that the Small Claims Court could only decide to reduce the plaintiff's claim by the amount of his counterclaim. Therefore, according to Thornton, *res judicata* cannot apply because the subject matter of each claim was different.

¶13 Alpine responds that Thornton's complaint was properly dismissed on summary judgment. Alpine, relying on *Whirry*, argues that it is of no consequence that Thornton's derivative claims of emotional distress and misrepresentation were not presented in the Small Claims Court because Thornton had the opportunity to raise those claims but did not. Alpine additionally argues that Thornton could have filed a counterclaim for up to $2,500.00 and preserved his right to bring a claim for the balance in district court, or could have removed the action from the Small Claims Division to justice court where the jurisdictional limit would have been $7,000.00.

¶14 The doctrine of *res judicata* bars a party from relitigating a matter he or she has already had an opportunity to litigate. Res judicata has five elements: (1) the parties are the same; (2) the subject matter of the claim is the same; (3) the issues are the same and relate to the same subject matter; (4) the capacities of the persons are the same in reference to the subject matter and the issues; and (5) the underlying action took place in a court of competent jurisdiction. *Whirry,* 254 Mont. at 251, 836 P.2d at 1228.

¶15 In *Whirry*, a driver involved in an auto accident was sued for unpaid medical bills. She filed a 3rd party complaint in Justice Court against Swanson, the driver of the other car, for negligence. The Justice Court granted summary judgment against Swanson. Whirry later filed a complaint against Swanson in District Court for damages incurred through his negligent and reckless misconduct. Swanson filed a motion for judgment on the pleadings and for dismissal on the basis that Whirry's District Court action was barred pursuant to the theory of *res judicata* by her summary judgment in Justice Court. The District Court granted Swanson's motion and we affirmed, reasoning that all 5 elements of *res judicata*

were present.

¶16 However, as pointed out by the dissent in *Whirry*, *res judicata* should not be applied where the issues raised in district court are different from those litigated in justice court and where the justice court, in fact, had no jurisdiction to even consider the claims now being made. *Whirry*, 254 Mont. at 255, 836 P.2d at 1231 (Trieweiler, J., dissenting). We conclude that the issues raised by Thornton's District Court complaint are different that those raised in Small Claims Court and that these claims could not in fact have been raised by way of counterclaim in the Small Claims Court because § 25-35-502(1), MCA limits the jurisdiction of small claims courts to those claims which do not exceed $3,000.00. Therefore, we conclude that Thornton did not previously litigate those claims. To the extent that *Whirry* is inconsistent with this holding it is reversed.

¶17 With regard to Alpine's contention that Thornton could have availed himself of procedural options which would have allowed him to bring his claims in the Small Claims Court, we note that part of the purpose of Small Claims Court is to provide a cost effective forum for *pro se* litigants. Thornton did in fact appear *pro se* at Small Claims Court. Consequently, for this Court to hold Thornton to knowledge of the procedural options suggested by Alpine would defeat the purpose of providing an alternate forum for *pro se* litigants and would impose the harsh effect of *res judicata* unfairly.

¶18 We conclude that the District Court erred when it concluded that *res judicata* barred Thornton's District Court cause of action because that action raised different issues than the previous Small Claims Court action and because the Small Claims Court was without jurisdiction to entertain the current claims. Accordingly, the order of the District Court is reversed and this matter is remanded for further proceedings consistent with this opinion.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ JIM RICE