HAROLD A. WYRICK AND SARAH A. WYRICK, HUSBAND AND WIFE, PLAINTIFFS AND RESPONDENTS, v. RICHARD C. HOEFLE AND JOANNA D. HOEFLE, HIS WIFE, ET AL., DEFENDANTS AND APPELLANTS.

No. 9873.
Submitted October 15, 1959. Decided November 24, 1959.
346 Pac. (2d) 563.

See C. J. S. Mines and Minerals, § 155.

Cooke, Moulton, Bellingham & Longo, Billings, for appellants.

William H. Bellingham, Billings, argued orally for appellants.

Hansen, Jones & Culver, Baker, for respondents.

Al Hansen, Baker, argued orally for respondents.

MR. JUSTICE ANGSTMAN:

This is an action to quiet title to certain described land

situated in Fallon County. The only issue is that pertaining to oil and gas rights. Plaintiffs concededly own the surface rights and a part of the oil and gas rights.

Defendants who appeared in the action claim collectively one-half of the oil and gas rights. All defendants who appeared in the action trace their ownership or claim as successors to the rights of Azarias G. Vincelette, now deceased. Hence, the determinative question in the case is whether Azarias Vincelette owned any oil and gas rights after he and his wife Gertrude Vincelette made the deed of December 21, 1931, hereinafter referred to.

Plaintiffs trace their claim to the surface as well as to the oil and gas rights to that deed. Hence, it becomes necessary to construe that deed in order to determine how much of the oil and gas rights passed under it.

That deed, as above-noted, was made on December 21, 1931, and was between Azarias Vincelette and Gertrude Vincelette, husband and wife, as parties of the first part, and H. A. Appleby, T. W. Buxton, Clarence A. Kuhl and Myldred Leona Kuhl, parties of the second part. It recites that for a consideration the parties of the first part "grant, bargain, sell, convey, warrant and confirm" unto the parties of the second part certain real estate described by legal subdivisions. The lands described included with others the lands described in plaintiffs' complaint.

Immediately following the description of the land in the deed is the following clause: "including one-half of all oil and gas rights owned by the parties of the first part, and all of the surface rights and interest in leases covering said land."

The court found that defendants have no right, title, claim or interest in or to the lands but that plaintiffs are the sole owners thereof subject to certain oil leases executed by them and subject to a mineral deed conveying a part of their oil rights as to which there is no controversy here, and entered

174

judgment accordingly. This appeal is by defendants from that judgment.

It is the contention of defendants that by the deed of December 21, 1931, there was conveyed by the grantors only one-half of the oil and gas rights and that the grantors kept the other one-half. Plaintiffs contend that the granting clause of the deed conveys not only the surface rights in the described land but all the mineral rights as well.

The correct rule to be applied here is that declared in Hochsprung v. Stevenson, 82 Mont. 222, 266 Pac. 406, 408, where the court said: ''The intention of the grantor in a deed is to be gathered from a consideration of the entire instrument, taking into consideration all of its provisions, and every part must be given effect if reasonably practicable and consistent with its evident purpose and operation, 'not, indeed, as it is presented in particular sentences or paragraphs, but according to its effect when viewed as an entirety.' R. M. Cobban Realty Co. v. Donlan, 51 Mont. 58, 149 Pac. 484; section 7530, Rev. Codes 1921.''

Likewise this court in Musselshell Valley Farming & Livestock Co. v. Cooley, 86 Mont. 276, 283 Pac. 213, 218, quoted with approval the rule from Ruling Case Law as follows:

'' 'The modern tendency is to ignore the technical distinctions between the various parts of a deed and to seek the grantor's intention from them all, without undue preference to any, giving due effect to all, including both habendum and granting clause, where such can reasonably be done, in order to arrive at the true intention, even to the extent of allowing the habendum to qualify or control the granting clause where it was manifestly intended that it should do so'.''

And the court continuing said:

''Every intention of the parties to a deed is to be ascertained, if possible, from its language, not as it is presented in particular sentences or paragraphs, but according to its effect when viewed as an entirety.''

This court followed that rule also in the later cases of Henningsen v. Stromberg, 124 Mont. 185, 221 Pac. (2d) 438, Marias River Syndicate v. Big West Oil Co., 98 Mont. 254, 38 Pac. (2d) 599, and Stokes v. Tutvet, 134 Mont. 250, 328 Pac. (2d) 1096. This is the general rule elsewhere. 26 C.J.S. Deeds, sec. 84, page 822, sec. 128, page 972, and sec. 140(5), page 1014. And this is the effect of our statutes, sections 13-701, 13-707, 13-716, 13-718, R.C.M. 1947.

Applying these rules of construction it appears to us that the parties to the deed, in question here, treated the surface of the lands separate and apart from the oil and gas rights. If we give effect to the clause which starts with the word "including" we must hold that it was the intention of the parties to exclude from the deed the other one-half interest in the oil and gas and that such one-half remained with the grantor. To rule otherwise we would be obliged to hold that the clause commencing with the word "including" had no meaning whatsoever and that it must be disregarded. This we may not do. (Sections 13-707 and 13-718.)

Plaintiffs contend that it was incumbent upon defendants to ask for a reformation of the deed in order to give them the interest they claim. This is not so, when, reasonably construed, it already gives them what they claim.

It follows that the court erred in holding that defendants have no right, title or interest in the lands involved. The judgment is reversed, and the cause remanded with directions to find for defendants in accordance with their several claims as set out in the answers.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES BOTTOMLY and CASTLES, concur.

MR. JUSTICE ADAIR dissents.