No. 12925

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

CITY OF BILLINGS, a municipal corporation,

Plaintiff and Respondent,

-vs -

O. E. LEE COMPANY and EIRE LAND
AND MERCANTILE COMPANY,

Defendants and Appellants.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellants:

Harwood, Galles and Gunderson, Billings, Montana
Dale F. Galles argued, Billings, Montana

For Respondent:

Kurth, Davidson and Calton, Billings, Montana
Calvin A. Calton argued, Billings, Montana

---

Submitted: September 26, 1975

Decided: NOV -3 1975

Filed: NOV -3

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a declaratory judgment by the district court, Yellowstone County, in favor of plaintiff City of Billings. The City brought this action seeking to have its rights under an 1885 easement established. A hearing was had and the district court entered findings of fact, conclusions of law and judgment for the City.

On June 22, 1885, Perry W. McAdow and Clara L. McAdow, his wife, conveyed to the Billings Water Power Company, a Montana corporation, by warranty deed certain real property consisting of a lot, several strips of land and an easement through other property. The deed provided:

> "* * * the parties of the first part [McAdows] doth hereby further grant, bargain, sell, convey and confirm unto the party of the second part [Billings Water Power Company], its successors and assigns, with their agents and employees the right to enter upon and lay and construct, all such underground mains, pipes and acqueducts, as the party of the second part, its successors or assigns may desire * * * and for that purpose to excavate all necessary ditches accross any portion of said section, wherein to lay such subterranean aqueducts, and also for the purpose of repairing, changing or removing, or for any purpose connected with the management and operation of the same."

The deed goes on to provide responsibilities of the grantee Billings Water Power Company:

> "* * * but the party of the second part its successors or assigns shall never be liable to pay any sum or damages whatever for the right of way for such subterranean aqueducts across any portion of such section farther than the liability to replace the earth and restore the improvements so displaced removed or broken to the condition in which the same was found when so removed as near as practicable, without unnecessary delay."

Shortly after this easement conveyance was granted, a 14-inch water line was installed. The grant of easement then passed through two other companies and in a deed dated February 1, 1915, the City of Billings acquired title to this easement. In 1944 the City of Billings purchased a 36 foot right of way easement for $192.25, across the property granted in the 1885 McAdow

easement, the property then being owned by defendants' predecessor in interest. The purpose of the easement was to enable the City to clear, trench, lay, construct, maintain, repair and operate a pipe line for a water system for the City. The minutes of the October 24, 1944 city council meeting at which the above easement and payment were ratified, makes no mention of the 1885 McAdow easement.

In 1974 the City filed this declaratory judgment action seeking to have its rights under the 1885 easement declared and thereby allow the City to enter upon defendants' land to lay, construct, excavate ditches for, install, maintain and repair a 36-inch water main along the line and underground, without obligation in damages to defendants other than the liability to replace the earth and restore the improvements so displaced or broken to the condition in which the same was found when so removed as near as practicable, without unnecessary delay.

Following trial, the district court made these findings of fact and conclusions of law:

> "FINDINGS OF FACT I. The City of Billings is the successor in interest of Billings Water Power Company and the owner of all rights granted under that certain indenture from McAdows to Billings Water Company dated June 22, 1885, recorded November 17, 1885, in Book 'A', page 580, records of Yellowstone County, Montana.
>
> "II. Defendants' property was encompassed within the above-described McAdow indenture of which Defendants had constructive notice at the time they purchased their property.
>
> "III. The terms of the said McAdow indenture grant Billings Water Power Company as grantee, its successors and assigns, clear right to build all such underground mains, pipes and aqueducts as they may desire, provided only that the grantee, its successors and assigns shall replace the earth in ditches and replace and restore any improvements on such land removed or broken or displaced or damaged in the course of excavating any such ditch or placing any such aqueduct, and subject to other terms therein stated."
>
> "CONCLUSIONS OF LAW I. The City of Billings has the legal right as successor in interest under the above-described McAdow indenture deed dated 1885 to place a thirty-six inch water main in the property of the Defendants at the location as described in plaintiff's Complaint."

Judgment was entered by reason of the findings and conclusions on July 26, 1974. Defendants appeal from the final judgment.

The sole issue presented for this Court's review is whether the 1885 easement under which the City claims was extinguished by abandonment (1) because of nonuser, and/or (2) because the City purchased a right of way and received a deed of easement over the same property in 1944?

Defendants admit to constructive notice of the 1885 McAdow rights and there is no quarrel that the rights in question were acquired by a grant and not by use. Therefore, the language of the original document controls. Section 67-606, R.C.M. 1947.

In Wyrick v. Hoefle, 136 Mont. 172, 174, 346 P.2d 563, this Court, quoting from Hochsprung v. Stevenson, 82 Mont. 222, 266 P. 406, said:

> "'The intention of the grantor in a deed is
> to be gathered from a consideration of the entire
> instrument, taking into consideration all of its
> provisions, and every part must be given effect if
> reasonably practicable and consistent with its
> evident purpose and operation, "not, indeed, as
> it is presented in particular sentences or para-
> graphs, but according to its effect when viewed
> as an entirety." * * *'"

Thus the City was utilizing only that part of landowners' land reasonably necessary and consistent with the purposes for which the easement was granted by asking the district court to declare the City had the right under the 1885 easement to build the 36-inch line. The landowners offered no evidence that such was unreasonable, but rely solely on the abandonment contention. The acts claimed to constitute the abandonment must be of a character so decisive and conclusive as to indicate a clear intent to abandon the easement. 25 Am.Jur.2d Easements and Licenses §103, p. 507.

Defendants admit that nonuse does not of itself produce an abandonment no matter how long continued. Restatement of Property, §504. As a general rule an easement acquired by grant

- 4 -

or reservation cannot be lost by mere nonuser for any length of time, no matter how great. 25 Am.Jur.2d Easements and Licenses §105, p. 509.

Intent of governmental body to abandon must be shown by official act, and not mere implication. City of Stockton v. Miles and Sons, Inc., D.C.Cal., 165 F.Supp. 554.

As a general rule the question of abandonment is one of fact, not of law. Tamalpais Land & Water Co. v. Northwestern Pac. R. Co., 73 Cal.App.2d 917, 167 P.2d 825. A careful review of the record here reveals no facts that would support abandonment by nonuse or together with nonuse demonstrate any intent by the City to abandon this easement.

The second issue raised by defendants for abandonment by the purchase of right of way by the City in 1944 has little persuasion as there was no case law cited to the Court to support this type of abandonment. The statute relied on by defendants, section 67-611(3), R.C.M. 1947, provides that an easement may be extinguished:

> "By the performance of any act upon either tenement,
> by the owner of the servitude, or with his assent,
> which is incompatable with its nature or exercise * * *."

When the City purchased the easement in 1944, it did not receive anything more than it already owned. The 1944 activity by the City was not an act incompatible with the nature or exercise of the 1885 easement.

The judgment of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.