MR. JUSTICE WEBER
delivered the Opinion of the Court.
This is an appeal from the judgment of the District Court of the First Judicial District, in which the court dismissed the landowners’ complaint and declared Lewis and Clark County the owner of the 100 foot right-of-way which constitutes McHugh Drive near Helena, Montana. We reverse and remand.
The controlling issue is whether the District Court erred in dismissing the action as barred. The other issues remain to be decided by the District Court on remand.
The facts in the present case are basically set forth in the recent case of Ingram-Clevenger, Inc. v. Lewis and Clark County (Mont. 1981), 636 P.2d 1372, 38 St.Rep. 1696. In Ingram-Cleuenger, all of the landowners whose property is adjacent to McHugh Drive petitioned the Commissioners of Lewis and Clark County to abandon 40 feet of the right-of-way, that being 20 feet on either side of the Drive. The landowners contended that the statutory provision for abandonment of county roads was mandatory where all property owners petitioned. The County Commissioners refused to abandon any part of the Drive. The landowners were granted a writ of mandamus by the District Court which directed the County Commissioners to partially abandon McHugh Drive. We concluded that the authority to abandon on the part of the County Commissioners was discretionary and that mandamus did not lie. As a result, in IngramCleuenger, no part of McHugh Drive was abandoned. The judicial portion of the proceedings in Ingram-Cleuenger were brought for judicial review of the administrative actions of the Lewis and Clark County Commissioners under the Montana Administrative Procedures Act, and for a peremptory writ of mandamus directed to the Commissioners. In the court proceedings, a petition was filed by the landowners, the administrative record was submitted by stipulation, and briefs and oral argument were presented by the parties. No answer or response was filed by the County and no evidence was submitted by the landowners on the question of ownership of the Drive. The only issues in Ingram-Cleuenger were the propriety of the decision by the County Commissioners not to abandon a portion of McHugh Drive, and the appropriateness of mandamus.
After Ingram-Cleuenger came down, essentially the same landown *209 ers filed their .complaint in the present action. Their basic contentions were that McHugh Drive in its entirety was never properly dedicated as a county road, the County abandoned all that portion of the road right-of-way not actually used for roadway and borrow pits, the landowners have obtained title to the disputed portion of the right-of-way by adverse possession, and the County’s claim was barred by equitable estoppel. The County raised the defense of res judicata as well as other theories of defense. The District Court concluded that res judicata was applicable, and denied the prayer of the landowners, quieting title in the County to the 100 foot right-of-way. The landowners appeal.
I.
Did the District Court err in dismissing the action as barred?
The District Court held that Ingram-Clevenger barred this action and that the affirmative defenses of res judicata, the doctrine of merger, the rule against splitting causes of action, and collateral estoppel were well taken. This Court has previously held that:
“Both the rule against splitting causes of action and the doctrine of merger are inextricably related to the principles of res judicata; and the application of either to bar a subsequent action depends upon the existence of a ‘valid and final’ prior judgment. As was stated in Mervin v. F.T.C. (D.C. Cir. 1978), 591 F.2d 821, 830:
“ ‘Principles of res judicata prevent relitigation not only on the grounds or theories actually advanced, but also on those which could have been advanced in the prior litigation.’ (Citations omitted.)” Hughes v. Salo (Mont. 1983), [203 Mont. 52,] 659 P.2d 270, 274, 40 St.Rep. 289, 295. Counsel and the trial judge did not specifically address the defenses of merger, rule against splitting causes of action, and collateral estoppel separate from the defense of res judicata. As indicated in the foregoing quotation, we conclude that the doctrine of merger and the rule against splitting causes of action are inextricably related to the principles of res judicata. So far as collateral estoppel is concerned, no facts have been presented suggesting a basis for estoppel separate from the other affirmative defenses.
We have applied a four element test in determining whether or not a second action is barred under these circumstances, and we consider the same at the present time with regard to all of such affirmative defenses: first, the parties or their privies must be the same; second, the subject matter of the action must be the same; *210 third, the issues must be the same; fourth, the capacities of the persons must be the same in reference to the subject matter and to the issue between them. See State ex rel. Sullivan v. School District (1935), 100 Mont. 468, 50 P.2d 252; Smith v. County of Musselshell (1970), 155 Mont. 376, 472 P.2d 878; S-W Co. v. John Wight, Inc. (1978), 179 Mont. 392, 587 P.2d 348; Harris v. Harris (Mont. 1980), 616 P.2d 1099, 37 St.Rep. 1696.
The key element here is whether the issues are the same. In Bran-non v. Lewis and Clark County (1983), 143 Mont. 200, 387 P.2d 706, this Court approved the following language from Phoenix Mutual Life Insurance Co. v. Brainard (1928), 82 Mont. 39, 44, 265 P. 10, 12:
“ ‘Unless it clearly appears that the precise question involved in the second case was raised and determined in the former, the judgment is no bar to the record action.’ “
Brannon, 143 Mont. 200, 207, 387 P.2d 706, 710-11.
In Ingram-Clevenger, the fundamental issue was whether or not all landowners could compel the County to partially abandon McHugh Drive. This Court concluded that the controlling statutes were discretionary and affirmed the denial of abandonment by the County Commissioners. As a result, the District Court decision in IngramClevenger granting mandamus to the landowners was vacated.
In the present case the essential claims of the landowners are that: (1) the instruments granting a 100 foot right-of-way to the County in 1890 were conveyances and were not properly recorded or indexed; (2) the County Commissioners failed to follow the statutory procedure in granting the petition for roadway in 1890; (3) the County abandoned all of that portion of the right-of-way not actually used for the roadway and borrow pits; (4) the landowners have obtained the disputed portion of the right-of-way by adverse possession; (5) the doctrine of equitable estoppel bars the County’s claim to the 100 foot right-of-way; and (6) the doctrine of res judicata bars the claim of the County as to some of the landowners.
We conclude that the issues in the two cases are not the same. In Ingram-Clevenger the request of the landowners was for the vacation of a portion of McHugh Drive under the statutory authority granted to the County Commissioners. The title or ownership to the Drive was not in any manner involved in that proceeding. In contrast, the essential claims in the present case are issues relating to the title to the McHugh Drive roadway itself. Such issues could not have been properly presented as a part of the proceeding *211 for vacation of McHugh Drive. The Board of County Commissioners has no authority to adjudicate title. Under the Administrative Procedures Act, as stated in Ingram-Clevenger, the authority of the District Court is limited to a consideration of the proceedings before the County. We conclude that the issues of the present action are not the same issues as in Ingram-Clevenger. As a result the present action is not barred under a theory of res judicata, merger, the rule against splitting causes of action or the doctrine of equitable estoppel.
We reverse the District Court and remand for trial of the issues on the merits.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES MORRISON, GULBRANDSON and SHEEHY concur.