50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William W. ROCHE, Spokesman for the Citizens to Recall James
Whitlock, Plaintiff-Appellant,
v.
Betty T. LUND, Ravalli County Clerk and Recorder, Defendant-Appellee.
 No. 94-35592.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 9, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Roche appeals pro se the district court's summary judgment in favor of Betty Lund, the County Clerk and Recorder of Ravalli County, Montana, in his action brought under 42 U.S.C. Sec. 1983, alleging Lund violated federal and state laws by not ordering the recall election of a former mayor and not processing the recall petition for a city councilwoman. Roche contends that the district court erred by holding that his action as to former Hamilton, Montana Mayor James Whitlock was moot and that his entire federal action was barred by res judicata. Roche also contends that the district court erred by denying his motion for recusal. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 A. Mootness
 
 3
 "Mootness is a threshold jurisdictional issue." Southern Pacific Transp. Co. v. Public Util. Comm'n of Oregon, 9 F.3d 807, 810 (9th Cir.1993). A case becomes moot when a court can no longer grant effective relief. Burlington Northern R.R. Co. v. Crow Tribal Council, 940 F.2d 1239, 1244 (9th Cir.1991).
 
 
 4
 Here, the district court did not err by ruling that Roche's claim regarding the recall election of Whitlock was moot. Whitlock had resigned his position as mayor prior to the initiation of the federal action. Therefore, a recall election would be fruitless. Thus, the court could grant no effective relief to Roche on his claim regarding a recall election for Whitlock. See Crow Tribal Council, 940 F.2d at 1244.
 
 B. Res Judicata
 
 5
 Although Roche's claim regarding the recall election of former Mayor Whitlock is moot, we may address his "live" claim regarding the petitions to recall Hamilton City Councilwoman Vivian Yang. See Southern Pacific Transp. Co., 9 F.3d at 810. We review de novo the district court's grant of summary judgment based on res judicata. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1287 (9th Cir.1992).
 
 
 6
 A federal court must give the same preclusive effect to a state court judgment as would the courts of the state where the judgment was rendered. 28 U.S.C. Sec. 1738; Allen v. McCurry, 449 U.S. 90, 96 (1980). In Montana, final judgments disposing of petitions for writs of mandamus or prohibition are not immune from application of res judicata. See Baertsch v. Lewis and Clark County, 727 P.2d 504, 506 (Mont.1986) (court considered whether action was barred by prior appellate decision vacating mandamus relief); Meagher County Newlan Creek Water Dist. v. Walter, 547 P.2d 850, 853 (Mont.1976) (denial of petition for writ of prohibition was a res judicata bar to subsequent action raising same issue presented in petition). In addition, Montana's state preclusion law applies to section 1983 claims. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 83 (1984); Jama Constr. v. City of Los Angeles, 938 F.2d 1045, 1047 n. 1 (9th Cir.1991), cert. denied, 112 S.Ct. 1293 (1992).
 
 
 7
 Montana courts apply a four part test to determine whether a second action is barred by res judicata: "first, the parties or their privies must be the same; second, the subject matter of the action must be the same; third, the issues must be the same; fourth, the capacities of the persons must be the same in reference to the subject matter and to the issue[s] between them." Baertsch, 727 P.2d at 506.
 
 
 8
 In his state court proceeding, Roche sought a writ of mandamus to command Lund to proceed with the recall election of Whitlock and to accept and proceed according to law with the recall petition for councilwoman Yang. After holding a hearing on the merits, the state court dismissed Roche's action and denied his petition for relief. Roche's federal action raised the same issues as his state court action--the validity of Lund's cancellation of an election to recall Whitlock and the rejection of Roche's petition to recall Yang. Roche and Lund were both parties to the previous action. Finally, the action was dismissed on the merits. Accordingly, the district court did not err by ruling that Roche's federal action was barred by res judicata based on the previous state action. See Baertsch, 727 P.2d at 506.
 
 C. Recusal
 
 9
 Roche also contends that Judge Lovell erred by denying Roche's motion for recusal. We review the denial of a recusal motion for abuse of discretion. Sewer Alert Comm. v. Pierce County, 791 F.2d 796, 798 (9th Cir.1986).
 
 
 10
 To recuse a judge for bias or prejudice under 28 U.S.C. Sec. 144, the party seeking disqualification must file an affidavit setting forth specific facts and reasons for the belief that bias exists. Davis v. Fendler, 650 F.2d 1154, 1163 (9th Cir.1981). Here, Roche alleged that Judge Lovell and Lund were masons, and that masons "may not go against [one another]." Roche failed to support these conclusory allegations of bias, and they are insufficient to form a basis for disqualification. See United States v. Sibla, 624 F.2d 864, 868 (9th Cir.1980). Moreover, our review of the record does not lead us to find that Judge Lovell's conduct was anything other than professional and in accordance with his duties. Accordingly, the district court did not abuse its discretion by denying Roche's recusal motion.
 
 
 11
 D. Sanctions.
 
 
 12
 Lund requests sanctions pursuant to Fed.R.App.P. 38 and 28 U.S.C. Sec. 1912 for filing a frivolous appeal.
 
 
 13
 This court has discretion to impose sanctions against a litigant, even one proceeding pro se, for filing frivolous appeals. See Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Ryan v. Bilby, 764 F.2d 1325, 1328-29 (9th Cir.1985). "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988). Although Roche's appeal is frivolous, we decline to impose sanctions.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Roche's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3