No. 02-791

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 207

STATE OF MONTANA, STILLWATER LAND CO.,
and MONTANA DEPARTMENT OF NATURAL
RESOURCES AND CONSERVATION,

       Plaintiffs and Respondents,

   v.

VIRGIL L. FISHER and HAL M. FISHER,

       Defendants and Appellants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                  In and For the County of Flathead, Cause No. DV 2001-328A,
                  Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

             I. James Heckathorn, Crowley, Haughey, Hanson, Toole & Dietrich,
             P.L.L.P., Kalispell, Montana

       For Respondents:

             Dennis J. Hester, Deputy County Attorney, Kalispell, Montana
             (Flathead County and State of Montana)

             William E. Hileman, Jr., Hedman, Hileman & Lacosta, Whitefish,
             Montana (Stillwater Land Co.)

             Mark C. Phares, Special Assistant Attorney General, Helena,
             Montana (DNRC)

                         Submitted on Briefs:  April 25, 2003
                                 Decided:  August 12, 2003

Filed:

                             Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Virgil and Hal Fisher (the Fishers) appeal the District Court's grant of summary judgment enjoining them from maintaining gates across a road that bisects their real property. We affirm.

¶2 The sole issue on appeal is: Did the District Court err in granting Respondents summary judgment and enjoining the Fishers from erecting and maintaining gates or otherwise obstructing County Road "G"?

Factual and Procedural Background

¶3 The Fishers are the fee owners of Tracts 5 and 5A in Flathead County. County Road "G" bisects the two tracts and cuts across U.S. Highway 93. The road provides the only access to Intervenor Stillwater Land Co.'s properties and is used by State personnel to access State lands.

¶4 Public records on file in the Office of the Flathead Clerk and Recorder indicate that the Board of Commissioners established the road as a county road running from Spring Prairie to Tobacco Plains, between Eureka and Kalispell, in1893. Since then, no document has been recorded in the Office of the Flathead Clerk and Recorder to indicate that the county road has been abandoned.

¶5 In 1972, a petition was filed to abandon three county roads in the area, including County Road "G;" however, the Commissioners chose to abandon only one of the three roads, County Road "E." The Commissioners' notes from the 1972 meeting state that, except for County Road "E," the "[r]emaining portion [of the county road is] to be left

2

open." In 1988, the Commissioners officially abandoned a declared county right of way that connected to "G," but it did not abandon County Road "G."

¶6 According to the Fishers, they have fenced this section of the "old, non-maintained, and non-used roadway" "G" since 1955. Currently, they have five gates placed on the road, for which they do not have a permit: three to the south of Highway 93 and two to the north of 93. They claim that the only people to use the road are miscellaneous hunters with permission, the State for accessing its land and a representative of Lincoln Co-op for inspecting and repairing power lines. They contend that they had no knowledge that anyone considered the road a county road until the lawsuit; however, Virgil's original warranty deeds to Tract 5 and 5A state that he was granted his interest in the tracts "subject to right of way for public roads. . . ."

¶7 After the Fishers refused to remove the gates, Flathead County, in the name of the State of Montana, brought an action in the Eleventh Judicial District Court, Flathead County, against the Fishers to enjoin them from erecting and maintaining fences across County Road "G." Stillwater Land Co. and the Department of Natural Resources and Conservation (the DNRC) joined as Intervenors on the side of the State. The District Court granted summary judgment to the State and ordered the State, if the Fishers did not, to remove the five gates transecting County Road "G."

## Standard of Review

¶8      The standard of review for a grant of summary judgment is *de novo.*  This Court will apply the same evaluation as the trial court under Rule 56, M.R.Civ.P.  The moving party must establish both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Kullick v. Skyline Homeowners Ass'n, Inc.*, 2003 MT 137, ¶ 13, 316 Mont. 146, ¶ 13, 69 P.3d 225, ¶ 13.  Once the moving party has met its burden, the opposing party must, in order to raise a genuine issue of material fact, present substantial evidence essential to one or more elements of its case rather than mere conclusory or speculative statements.  *Kullick*, ¶ 13.   In addition, our standard of review of a question of law is whether the trial court's legal conclusions are correct.  *Kullick*, ¶ 13.

## Discussion

¶9      As we have stated in previous cases, the substantive law regarding abandonment of easements by governmental entities is set forth in *Baertsch v. County of Lewis and Clark* (1992), 256 Mont. 114, 845 P.2d 106, and *City of Billings v. O.E. Lee Company* (1975), 168 Mont. 264, 542 P.2d 97.  *See generally, McCauley v. Thompson-Nistler*, 2000 MT 215, 301 Mont. 81, 10 P.3d 794; *DeVoe v. State* (1997), 281 Mont. 356, 935 P.2d 256.   In *Baertsch,* this Court concluded that the pivotal element required to prove that a governmental entity has abandoned public property is a showing of clear intent to abandon.  *Baertsch,* 256 Mont. at 122, 845 P.2d at 111.  Furthermore, the conduct which is claimed to demonstrate the intent to abandon must be some affirmative official act so decisive and conclusive as to indicate a clear intent to abandon.  *Baertsch*, 256 Mont. at 122, 845 P.2d at 111.  The conduct must be

4

some affirmative official act, and not mere implication. Mere non-use, even for extended periods of time, is generally insufficient, by itself, to indicate an intent to abandon. *Baertsch,* 256 Mont. at 122, 845 P.2d at 111; *City of Billings*, 168 Mont. at 268, 542 P.2d at 99. In *Rieman v. Anderson* (1997), 282 Mont. 139, 145-46, 935 P.2d 1122, 1126, this Court specified that the party claiming abandonment has the burden of proving that acts claimed to constitute abandonment demonstrate a decisive and conclusive intent to abandon the road.

¶10    Additionally, because the road at issue is a county road, § 7-14-2615, MCA, applies. This statute enumerates which official acts effectively abandon an established county road:

> **Abandonment or vacation of county roads.** (1) All county roads once established must continue to be county roads until abandoned or vacated by: (a) operation of law; (b) judgment of a court of competent jurisdiction; or (c) the order of the board.
> (2) An order to abandon a county road is not valid unless preceded by notice and public hearing.

In this instance, the documents confirm that the road is an established county road. Nothing in the record indicates that the road has been abandoned by a court ruling or by an order of the Board of County Commissioners for Flathead County. Thus, the only issue to be resolved is whether the road has been abandoned by operation of law.

¶11    Unfortunately, the Fishers do not address § 7-14-2615, MCA. Instead, they advance a novel two-part test for determining whether the county intended to abandon County Road "G." According to the Fishers, the County evidenced its clear intent to abandon its right of way easement across the Fisher land by the coupling of two circumstances: (1) relocation of

a roadway by the public authority; and (2) subsequent non-use of the roadway.  To that end, the Fishers submit that U.S. Highway 93 is a relocation of  County Road "G."  The Fishers argue that the relocation combined with the non-use of County Road "G" constitute a genuine issue of material fact as to whether the County intended to abandon County Road "G."  Because a genuine issue of material fact exists, the Fishers contend that the District Court erred in granting the State summary judgment.

¶12     The Fishers' argument that relocation combined with non-use of the road constitutes its abandonment is illogical: if one act (non-use) does not create abandonment, and another act (the state building a highway) does not create abandonment, it logically follows that the combination of both acts does not create abandonment.  First of all, it is well established that mere non-use of an easement does not create an abandonment and that abandonment will not be found by "mere implication." *City of Billings,* 168 Mont. at 268, 542 P.2d at 99. Secondly, relocation of a highway does not raise a genuine issue of material fact that a county road has been abandoned.  In *State v. Hoblitt* (1930), 87 Mont. 403, 288 P. 181, this Court ruled that while the State Highway Commission has the authority to establish and construct highways, it does not have the power to vacate county roads because that power belongs to the board of county commissioners.  This rule was reaffirmed in *State ex. rel. State Highway Comm'n v. District Court*  (1937), 105 Mont. 44, 69 P.2d 112.  An established county road can only be abandoned by one of the three methods set out in § 7-14-2615, MCA. Therefore, even if the State Highway Commission intended Highway 93 as the relocation of County Road "G," it does not have the authority to vacate the county road.  As

6

mentioned earlier, the entity with that authority is the County Board of Commissioners for Flathead County. If anything, the Board established its "clear intent" to <u>not</u> abandon County Road "G," when it chose to abandon some county roads in the area but not "G" in 1972 and in 1988.

¶13    In conclusion, the parties do not dispute the establishment of County Road "G" in 1893. Since then, the county has not engaged in any "official act" to abandon its right of way easement to the road. Therefore, we conclude that the District Court did not err in granting the State summary judgment because the Fishers did not establish that a genuine issue of material fact exists as to whether the County abandoned or intended to abandon County Road "G."


                                                    /S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ JIM RICE

7